UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| TIMOTHY L. RAY, | ) | |
| | ) | |
| Petitioner | ) | |
| | ) | |
| v. | ) | No. 3:05cv0056AS |
| | ) | |
| JOHN VANATTA, | ) | |
| | ) | |
| Respondent | ) | |

## *MEMORANDUM OPINION AND ORDER*

On or about January 26, 2005, *pro se* petitioner, Timothy L. Ray, an inmate at the Miami Correctional Facility (MCF) in Bunker Hill, Indiana, filed a petition seeking relief under 28 U.S.C. §2254. The Response filed on behalf of the respondent by the Attorney General of Indiana on October 7, 2005, demonstrates the necessary compliance with *Lewis v. Faulkner*, 689 F.2d 100 (7th Cir. 1982). The Attorney General has placed before this Court a series of documents designated A through I2, both inclusive, which explicate in great detail the proceedings involved. The petitioner filed a Traverse on May 2, 2005 in carefully composed handwriting, which this court has examined.

The petitioner is a convicted felon serving a sentence imposed by a court in the State of Indiana. At the time of the filing of this petition, he was incarcerated in the MCF in this district. He was the subject of a prison disciplinary proceeding in or around October 2004, designated as MCF 04-10-0263. Once again, the concern is the use or possession of tobacco in a state penal institution. The three-member CAB imposed a sanction for a deprivation of 60 days of earned credit time which implicates *Wolff v. McDonnell*, 418 U.S. 539 (1974).

There has been compliance here with the procedural demands of *Wolff*, and the evidence here is sufficient under *Superintendent, Mass. Corr. Institution at Walpole v. Hill*, 472 U.S. 445 (1985), and under the "some evidence" test applicable in this circuit. *See Webb v. Anderson*, 224 F.3d 649 (7th Cir.), *cert. denied*, 531 U.S. 999 (2000), *McPherson v. McBride*, 188 F.3d 784 (7th Cir. 1999), and *Meeks v. McBride,* 81 F.3d 717 (7th Cir. 1996).

It is basic and fundamental in this circuit that an inmate may challenge in federal court whether a conviction was supported by "some evidence" only where he has raised that issue in <u>all</u> available administrative Appeals. *See Eads v. Hanks*, 280 F.3d 728 (7th Cir. 2002), following *Markham v. Clark*, 978 F.2d 993 (7th Cir. 1992). The some evidence test in this circuit is a lenient one and is certainly met in this case.

An issue is raised with regard to the possible application of the double jeopardy clause of the Fifth Amendment of the Constitution of the United States. To be sure, said double jeopardy clause has long since been incorporated into the Fourteenth Amendment of the Constitution of the United States. That is not arguable. What is arguable is that the double jeopardy clause does not generally apply to this species of prisoner disciplinary proceeding. *See Rowold v. McBride*, 973 F.Supp. 829, 834 (N.D. Ind. 1997), and *Hundly v. McBride*, 908 F.Supp. 601 (N.D. Ind. 1995).

This petitioner has failed to show a basis for relief under 28 U.S.C. §2254, and such is now considered and **DENIED**. **IT IS SO ORDERED**.

**DATED:** May 5, 2005

                 s/ ALLEN SHARP
               **ALLEN SHARP, JUDGE**
               **UNITED STATES DISTRICT COURT**